COURT OF APPEALS
DECISION
DATED AND FILED

May 19, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1182-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2016CF844**

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

WESLEY L. KLYCE,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for La Crosse County:  TODD W. BJERKE, Judge.  *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Wesley Klyce appeals a judgment of conviction and an order denying his postconviction motion. We affirm.

¶2 After a jury trial, Klyce was convicted of second-degree sexual assault. He filed a postconviction motion alleging that his trial counsel was ineffective in two ways. The circuit court held an evidentiary hearing and denied the motion.

¶3 To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* We need not address both components of the analysis if defendant makes an inadequate showing on one. *Id.* at 697. We affirm the circuit court's findings of fact unless they are clearly erroneous, but the determination of deficient performance and prejudice are questions of law that we review without deference to the circuit court. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).

¶4 Klyce first argues that his trial counsel was ineffective in connection with counsel's failure to attend a pretrial hearing. Klyce does not make any specific argument that the result of the proceeding would have been different had counsel attended the pretrial hearing. Rather, he argues that we should presume prejudice because the pretrial hearing was a critical stage of the proceedings. *See State v.*

2

*Smith*, 207 Wis. 2d 258, 278-80, 558 N.W.2d 379 (1997) (providing that, in limited situations, it may be appropriate to presume that counsel's error was prejudicial due to the difficulty in measuring the harm caused by certain types of errors).

¶5      The purpose of the pretrial hearing was for counsel and the circuit court to review questionnaires that had been returned by potential jurors. The prosecutor was present at the hearing, but Klyce's trial counsel was not. Trial counsel had, however, given the prosecutor a list of the potential jurors he had concerns about, and the prosecutor brought that list to the hearing. Near the beginning of the hearing, the court explained the situation as follows:

> This was up Monday, I know nobody was ready to go Monday because they just got the documents. I said we had to get it done this week. I set it for today. [Klyce's trial counsel] called not too long ago and said that he was conflicted out of county. Told him he had to have his client on for this. I said we'll keep it on anyway.

The court reviewed the juror questionnaires with the prosecutor and excused only those potential jurors who caused concern for the prosecutor and were also on the list that trial counsel had provided.

¶6      At the postconviction hearing, Klyce's trial counsel testified that "right before the hearing, my mother-in-law fell and broke a leg and essentially entered into her last illness, and at the last minute, I had to go to Columbia County with my wife to attend to that matter." When counsel was asked if he explored appearing by telephone or video, or having a substitute take his place, he said:

> No, I -- it was all very quick at the time. I don't recall dealing with that. I just don't recall much about that. You know, under the circumstances, I just was maybe not communicating as clearly as I could have, and I got involved with what was going on in the hospital.

¶7 We decide this claim based on Klyce's failure to show that he was prejudiced by counsel's not appearing or not requesting an adjournment. Klyce argues that prejudice is presumed because counsel was absent at a critical stage of the proceeding. Whether counsel was absent at a critical stage of the proceeding is the standard that Klyce argues we should apply to his ineffective assistance claim, and the State agrees that the standard applies to that claim. This same standard also applies in situations involving forces unrelated to the trial counsel's performance, such as when "counsel is denied entirely during critical stages in judicial proceedings." *State v. Pinno*, 2014 WI 74, ¶83, 356 Wis. 2d 106, 850 N.W.2d 207.

¶8 Klyce argues that the pretrial hearing his attorney did not attend was a critical stage of the proceeding. His argument is based on the label of the hearing as "the final pretrial hearing," and on a list of the kind of events that might occur at a final pretrial hearing. However, we decline to rely on this general description and, instead, we look at what actually happened in *this* pretrial hearing to determine whether it was a critical stage of the proceedings.

¶9 We conclude that it was not. As discussed above, the transcript shows that the circuit court and prosecutor discussed the juror questionnaires with the aid of the list provided by trial counsel, and that the court excused only those potential jurors who caused concern for the State and the defense alike. This method ensured that trial counsel agreed with all the decisions made at the hearing—no potential jurors were excused at the request of only the State, and no additional defense requests to excuse jurors were denied in a manner that precluded those concerns from being addressed later at voir dire. No other business was conducted at the hearing.

¶10     In short, nothing critical occurred during this stage of the proceedings. Therefore, we decline to presume prejudice, and Klyce makes no argument that he was prejudiced in the absence of such a presumption.

¶11     Klyce also argues that his trial counsel was ineffective for not asking the victim, during the victim's testimony, how many criminal convictions the victim had. The circuit court had previously established that the answer to that question would have been seven. We assume, without deciding, that counsel's performance was deficient by not eliciting this information at trial.

¶12     Klyce appears to argue that we should presume prejudice. He also appears to argue that counsel's error was comparable to a deprivation of Klyce's right to confront the witness and, therefore, he need not show prejudice. However, Klyce does not cite any authority that makes counsel's failure to ask this specific question a confrontation issue, or that establishes a presumption of prejudice for this type of error by counsel.

¶13     Beyond that, Klyce does not develop an argument showing specific prejudice. While we acknowledge that the number of prior convictions would have had at least some tendency to impugn the victim's credibility, we are satisfied that there would not be a reasonable probability of a different result in a new trial that included this additional information.

        *By the Court.*—Judgment and order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).